**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------------------------X

In re:                                                      :
                                                            :
STARTECH ENVIRONMENTAL CORPORATION,      :          CHAPTER 11
                                                            :
                                                            :          CASE NO. 10-50955
            Debtor-In-Possession                   :
--------------------------------------------------------------------------X

**MOTION FOR ORDER AUTHORIZING BORROWING PURSUANT TO 11 U.S.C. §§, 364(c) AND 364(d) WITH PRIORITY OVER ADMINISTRATIVE EXPENSES AND SECURED BY LIENS ON PROPERTY OF THE ESTATE AND USE OF CASH COLLATERAL PURSUANT TO 11 USC § 363(b) AND 363(c)**

Startech Environmental Corporation, Debtor and Debtor-in-Possession, ("Debtor" or "Startech"), respectfully files this Motion for preliminary and a final orders seeking authority to use cash collateral and to obtain post-petition financing pursuant to 11 U.S.C. §§ 363(b)(1) and 363(c), 364(c) and 364 (d), and upon information and belief, and in support thereof, would respectfully represent upon information and belief as follows:

1.      On April 28, 2010 (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties and assets as a debtor in possession.  No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28U.S.C. §§ 157 and 1334. Venue of the Debtors' chapter 11 cases and this Motion are proper pursuant to 28 US.C. §§ 1408 and 1409. This is a Core proceeding pursuant to 28 US.C. §157(b)(2).

3.      The statutory predicates for the relief requested herein are Bankruptcy Code

Sections 363(b)(1) , 363(c), 364(c), 364(d) and 105(a).

## I.      BACKGROUND INFORMATION

4.      Startech is a publicly traded environmental technology company

commercializing its proprietary plasma processing technology known as the Plasma

Converter™ (the "System") that achieves closed-loop elemental recycling.  The System

irreversibly destroys hazardous and non-hazardous waste and industrial by-products while

converting them into useful commercial products.  These products include a rich synthesis gas

called PCG (Plasma Converter Gas™), surplus energy for power, chemical industry feedstocks,

metals and silicates for use and for sale.  Startech operates from its facilities in Bristol,

Connecticut with offices in Wilton, Connecticut.  At year end in 2009, the Debtor had 16

employees, however, as of the filing date, the Debtor has 4 employees.

5.      As set forth below, the relief sought herein will address the Debtor's important

liquidity needs to aid and enhance it in preserving and maintaining its asset and market position

and its going concern value.  Except for three or four executives of Startech, the Debtor ceased

major operations in January of 2010.  The majority of the Debtor's employees were terminated

on October 31, 2009, when the company ceased to have any funding.  The Debtor had been

seeking capital from various sources and none of those sources have to date proved fruitful.

6.      During the month of March, 2010, Startech was approached by Champion

Energy, Inc. ("Champion"), a California corporation who expressed an interest in acquiring the

assets and business of Startech.  In order to fund critical and past due obligations of the Debtor,

Champion provided a pre-petition loan to Startech in the amount of $362,000 which funds were

used primarily for payment of critical operating expenses, and past due obligations to former

employees.  To secure the obligations from the pre-petition loan, Startech granted Champion a

blanket lien on all of its assets.  The loan was made with the anticipation that Startech would

file for Chapter 11 relief and its operations would be financed by Champion while an

agreement to sell the assets to Champion, subject to higher and better offers pursuant to a Court

approved bid procedure, could be put in place.

7.      As a consequence, pending a final hearing on this Motion, the Debtor seeks

immediate financing to meet post-petition obligations to pay rent and salaries, and related

employee benefits to purchase supplies and for other operational and working capital needs to

help restart its operations.  Absent financing for its business operations, the Debtor will cease

to operate as it has no other funds.  Consequently, if interim relief is not granted, the Debtors'

going concern value will be immediately and irreparably jeopardized to the detriment of the

estate, the creditors, and all other parties in interest.

8.      To date, the Debtor has been unable to obtain funding on any other basis more

beneficial to the estate than that proposed herein.  The Debtor notes that without sufficient

assets to provide as collateral and limited or no income, the Debtor's ability to obtain financing

from any conventional source at this time would be unlikely.

9.      It is the business judgment of the Debtor that the terms of this financing

facility, when taken as a whole, provide the Debtors with the most preferable terms for post-

petition financing.  A copy of the proposed Debtor in Possession Loan and Security Agreement

(the "DIP" Agreement"), is annexed hereto as Exhibit "A".  Also attached is a proposed interim

financing order that the Debtor has negotiated with Champion, the pre-petition secured lender,

and anticipated stalking horse bidder.

      10.     The salient terms of the financing are as follows (page numbers refer to the DIP

Agreement, attached hereto as Exhibit "A"):

    A)     A credit facility up to the amount of the $750,000 (p. 1);

    B)     Interest rate of 8% (p. 8);

    C)     Term of 90 days (p. 6);

    D)     Secured by first priority liens on all assets of the Debtor, except avoidance actions and superpriority administrative status, subject to carve out,  p. 9 and 10; and

    E)     Other conditions ( p. 25):

        a.     Sign APA within 15 days, filing;

        b.     File Bid Procedures and Sale Motion within 40 days of filing;

        c.     Sale approved by Bankruptcy Court within 75 days of the Petition Date; and

        d.     Sale consummated and DIP Loan satisfied within 90 days of the Petition Date.

      11.     The interim and final order provide, _inter alia_, for adequate protection in the

nature of first priority security interests and liens, superior to all other creditors, in and upon all

of the existing and future assets and property of the Debtor and this estate pursuant to 11

U.S.C. §§ 363(b)(1), 363(c), 364(c) and 364(d), but only as to any erosion in position regarding

pre-petition debt, and for the entire facility regarding the post-petition loan.  The financing

orders also provide representations and/or waivers regarding liens, and interests and claims of

secured creditors, financial performance restrictions and guidelines, depository and expenditure

restrictions, modification of the automatic stay under § 362 to implement the terms and

conditions of any financing agreement and/or order entered by the Court, reporting

requirements, super-priority administrative claims under § 364(c)(1), and events of default and

consequences therefore.

12.    ALL PARTIES IN INTEREST ARE DIRECTED TO REVIEW THE CREDIT

AGREEMENT AND INTERIM ORDER ANNEXED HERETO FOR THE SPECIFIC

TERMS, CONDITIONS AND REPRESENTATIONS AND ARE PUT ON NOTICE THAT

THE DEBTOR AND THE SECURED LENDER MAY REQUEST ADDITIONAL TERMS

AND CONDITIONS AT THE HEARINGS ON THIS MOTION.

13.    Because the Debtor cannot obtain unsecured credit allowable under § 503(b)(1)

of the Bankruptcy Code as administrative expense in an amount sufficient to meet its working

capital needs from other sources, the Debtor believes that a new borrowing facility on the terms

acceptable to the Debtor is permissible within the meaning of 11 U.S.C. § 364(c) and (d).

14.    The Debtor further believes that authorization to enter into the post-petition

borrowing facility is in the best interest of the estate and all creditors and should be approved

as essential to the Debtor's business and continued viability.  The Debtor submits that the

proposed financing will increase the likelihood that it will successfully reorganize and preserve

and enhance their assets, business and goodwill reputations of the Debtor.

15.    Accordingly, by this Motion, the Debtor requests pursuant to Fed. R. Bankr. P.

4001, that the Court allow interim approval of the Debtor's use of cash collateral and obtaining

financing in the form of the interim order which will permit the Debtors to incur loans and to

use cash collateral in an amount sufficient to meet the Debtors' interim needs, in accordance

with the budget substantially in the form attached hereto as Exhibit "B" pending the final

hearing on this Motion; and that the Court schedule a final hearing on a date no earlier than

fifteen (15) days from the date hereof.

16.     The Debtor anticipates submitting a modified final order authorizing post-

petition financing at the final hearing on this Motion that has been consented to by Champion

that may have terms, conditions and representations in addition to or which supplement those

contained in the interim order.

WHEREFORE, the Debtor respectfully requests that the Court enter an interim

financing order and after further notice, the final financing order (i) authorizing it to enter into

the proposed post-petition facility pursuant to the orders; (ii) scheduling a hearing on the final

financing order no earlier than May 20, 2010; and (iii) granting such other and further relief as

the Court deems just and proper.

Dated:   April 29, 2010, at Bridgeport, Connecticut.

STARTECH ENVIRONMENTAL CORPORATION,
THE DEBTOR

By:     */s/Craig I. Lifland*
        Craig I. Lifland, Esq. (ct00976)
        Jeffrey M. Sklarz, Esq. (ct20938)
        Zeisler & Zeisler, P.C.
        558 Clinton Avenue
        Bridgeport, CT  06605
        Tel: 203-368-4234
        Fax: 203-367-9678
        Email:  clifland@zeislaw.com
                jsklarz@zeisalaw.com

ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

G:\MAO\s\Startech Environmental Corporation\Motion to Borrow\Motion to Borrow.doc