UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------X
In re:                                                  :   Chapter 11
                                                        :
STARTECH ENVIRONMENTAL CORP                             :   Case Nos.
                                                        :
                                                        :
                                                        :
            Debtor                                      :
------------------------------------------------------------X

## AFFIDAVIT OF J. GREGORY BARROW AND DISCLOSURE STATEMENT OF GENERAL CAPITAL PARTNERS, LLC IN SUPPORT OF APPLICATION FOR EMPLOYMENT AS EXCLUSIVE SALES AND MARKETING AGENT OF THE DEBTOR

STATE OF CONNECTICUT)
                    )   ss:
COUNTY OF BRIDGEPORT)

I, J. Gregory Barrow, under penalty of perjury, hereby declare as follows:

1. I am the Managing Director of the firm General Capital Partners, LLC ("GCP"). I make this affidavit on behalf of GCP in order to provide disclosure in the above-referenced chapter 11 filings for bankruptcy relating to the Application For Authority To Retain General Capital Partners, LLC As Exclusive Sales and Marketing Agent To The Debtor (the "Application"). Except as otherwise noted, I have personal knowledge of the matters set forth herein and I am authorized to make this disclosure affidavit on GCP's behalf (the "Disclosure").

2. GCP is a financial advisor which provides investment banking services located at 600 Seventeenth Street, Suite 2350 South Denver, Colorado 80202. GCP is well qualified to provide the sales services requested by the Debtor.

3. The compensation arrangement associated with this Disclosure is consistent with and typical of arrangements whereby professional financial advisors render similar services.

4. To the best of my knowledge, GCP does not hold or represent any interest adverse to the Debtors' estates and GCP will not provide advisory services to any entity other than the Debtor in connection with these chapter 11 cases.

5. Based on the information available to me, I believe that GCP is "disinterested" within the meaning of Section 101(14) and 1107(b) of the Bankruptcy Code and holds no interest adverse to the Debtors or their estate with respect to the matters for which GCP is and will be employed. GCP has no prior connection to the Debtors.

6. To the best of my knowledge and belief, no professional of GCP engaged on this matter is related or connected to any United States Bankruptcy Judge or District Judge for the District of Colorado, or the United States Trustee for that region, or to any employee in the offices thereof.

7. To the best of my knowledge and belief, and except as described herein, neither I nor GCP, nor any professional thereof, has any connection or relationship with the Debtors, their creditors, or any other parties-in-interest in this case that would conflict with the scope of retention of GCP or that would create any interest adverse to the Debtors, their creditors, the Debtors' estates, or any other party-in-interest. From time to time, GCP may have conducted business on other matters with certain parties-in-interest; however, GCP is not providing any services for any such entities with regard to the Debtors, their estates or these bankruptcy cases.

8. It is my belief that the retention of GCP as exclusive sales and marketing agent best serves the interests of the Debtors, their estates and the creditors. It is my belief that the services provided will be wholly consistent with determining and achieving the "best and highest" offer for the Debtors' assets regarding their sale.

## COMPENSATION AND EXPENSE REIMBURSEMENT

9. Pursuant to the terms of the Agreement dated April 21st, 2010 entered into by GCP and the Debtor the fees to be paid to GCP include a Marketing fee of fifty thousand dollars ($50,000), payable upon the Effective Date of the Agreement. In addition, GCP is entitled to other fees that: (i) are expected to be paid at closing; (ii) are contingent upon the completion of the sale or sales or the closing of the sale or sales or other transactions contemplated by confirmed plan of reorganization; and (iii) are to be calculated based on total consideration, all of which are more fully described in the Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 21st, 2010

_____ 04-21-10
J. Gregory Barrow

SWORN TO AND SUBSCRIBED
Before me this 21st day of April 2010

_____
Notary Public
Name: Whitney George

My Commission Expires: 2/9/11

[Notary Seal: WHITNEY GEORGE, NOTARY PUBLIC, STATE OF COLORADO]

3