**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>STARTECH ENVIRONMENTAL CORPORATION,<br><br>Debtor-in-Possession | Chapter 11<br><br>CASE NO. 10-50955 (AHWS) |

STARTECH ENVIRONMENTAL CORPORATION,
Debtor-in-Possession

Movant

vs.

CHAMPION ENERGY, INC.,

Respondent

**MOTION FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS OTHER THAN IN THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105, 363(B) AND (F) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004**

Startech Environmental Corporation, Debtor and Debtor-in-Possession ("Startech" or "Debtor"), by and through its undersigned counsel, hereby respectfully moves the Court for an order (a) authorizing the Debtor to sell property of the estate other than in the ordinary course of business free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§

105, 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure. In support thereof, the Debtor respectfully represents as follows:

## I. INTRODUCTION

1. On April 28, 2010 (the "Petition Date"), the Debtor filed with this Court its voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to manage its properties and assets as debtor-in-possession. No trustee, examiner or committee has been appointed in the Debtor's Chapter 11 cases.

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 cases and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105, 363(b) and (f), and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND INFORMATION

4. Startech Environmental Corporation is a publicly traded environmental technology company commercializing its proprietary plasma processing technology known as the Plasma Converter™ that achieves closed-loop elemental recycling. The System irreversibly destroys hazardous and non-hazardous waste and industrial by-products while converting them into useful commercial products. These products include a rich synthesis gas called PCG (Plasma Converter Gas™), surplus energy for power, chemical industry feedstocks, metals and silicates for use and for sale. Startech operated from its facilities in Bristol, CT, and had offices in Wilton, CT. At

year end in 2009, the Debtor had 16 employees, however, as of the filing date, the Debtor had 4 employees.

5. From the onset, the Debtor's chapter 11 case has suffered from no cash from operations and only minimal funding from a potential purchaser. The Debtor entered chapter 11 with an agreement for debtor-in-possession financing with Champion Energy ("Champion") for amounts which were not expected to exceed $750,000.00. At the same time, the Debtor anticipated executing an asset purchase agreement with Champion, subject to higher and better offers, and that Champion would fund the Debtor's minimal operations during a marketing period headed by a court approved investment banker. Unfortunately, at the early stages of this case, Champion only funded approximately $55,000.00, and subsequently and additional $60,000 (approx.). These amounts were insufficient to meet the Debtor's everyday operating expenses, including, but not limited to, payroll, insurance, and most importantly rent due the Debtor's landlords in Wilton, Connecticut, for its corporate offices, and for two facilities in Bristol, Connecticut, where the majority of the Debtor's hard assets are located.

6. Consequently, numerous stay relief motions were filed by the Debtor's landlords, which (i) resulted in the Debtor having to vacate its Wilton, Connecticut headquarters; and (ii) resulted in the Debtor agreeing to a deadline of October 24, 2010, or the landlord for its facilities at 190 Century Drive, Bristol, Connecticut, where the majority of the Debtor's assets are located, would be free to execute on a judgment of eviction entered in a state court. Through negotiations between the Debtor and the Century Drive landlord, the Debtor has obtained an additional

extension of time to early February, 2011, to consummate a sale in exchange for the $60,000 payment referred to above.

**7.** At the onset of the case, the Debtor retained General Capital Partners, LLC, ("GCP"), an investment banking firm specializing in the sale of assets for distressed entities seeking potential purchasers of the Debtor's assets. During the summer and the fall months of 2010, the Debtor and GCP spent significant periods of time negotiating with numerous potential purchasers, including one purchaser which signed a letter of intent, but failed to execute an Asset Purchase Agreement. Because the Debtors have run out of time (and funding) and have until early February to consummate a sale in accordance with the recent agreement reached with the Bristol Landlord, the Debtor now seeks an Order approving and auction sale of its assets, free and clear of liens, claims , interests and encumbrances.

## III. RELIEF REQUESTED

8. By this Motion, the Debtor seeks the entry of an order authorizing the Debtor to sell substantially all of its assets (the "Assets," as defined infra) at auction and in accordance with the terms of a proposed form of asset purchase agreement (the "APA") to the highest bidder who constitutes a "Qualified Bidder" and deemed by the Court to be the highest and best offer. (a "Buyer"). The Debtor proposes to sell the Assets to a Buyer, other than in the ordinary course of business free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§ 105, 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

9. The Assets (as defined in the APA) shall be sold pursuant to the procedures to be established by the Court pursuant to the Motion of Debtor and Debtor-In-Possession For An

Order (i) Authorizing And Approving Form of Purchase Agreement, (ii) Authorizing And Approving Bidding Procedures, (iii) Scheduling An Auction, (iv) Approving Form And Manner Of Notice Thereof, And (v) Granting Related Relief, All In Connection With The Sale Of Substantially All Of The Debtor's Assets (the "Bidding Procedures Order").

10. The Debtor and the successful Buyer shall enter into the APA, the form of which has been presented and approved by the Bankruptcy Court for approval at the Bidding Procedures Hearing. The APA provides, among other things, that the Debtor has agreed to sell to the Proposed Buyer virtually all of its assets associated with its businesses ("the Assets") including, without limitation, all of the Debtor's inventory, machinery and equipment, furniture and fixtures, real property, computer software and intellectual property rights. The Sale shall not include the Excluded Assets as that term is defined in the APA.

11. The consideration to be paid for the Assets shall be the highest bid at the Auction, but must be at a minimum two million dollars, payable in cash at closing. The Debtor believes this sum should be sufficient to satisfy valid liens, accrued administrative claims, and provide a dividend to unsecured creditors.

CREDITORS AND PARTIES IN INTEREST ARE ADVISED TO REVIEW THE APA FOR THE COMPLETE TERMS AND CONDITIONS UPON WHICH THE ASSETS WILL BE SOLD. THE SALE SHALL BE SUBJECT TO THE PROCEDURES OUTLINIED IN THE BIDDING PROCEDURES ORDER.

## IV. BASIS FOR RELIEF

### I. Motion To Sell Property Of The Estate Other Than In The Ordinary Course Of Business Free And Clear Of Any Liens, Claims, Encumbrances Or Interests

12. Pursuant to 11 U.S.C. §§ 363 (b) and (f), a debtor-in-possession, after notice and a hearing, may sell property of the estate other than in the ordinary course of business free and clear of any liens, claims, encumbrances or interests.

13. The Debtor submits that approval of the relief sought herein is in the best interests of the estate. The proposed Sale seeks to obtain the highest value of the Assets which is believed to be significantly greater than the amount that would be received as the result of a "piece meal" sale of the Assets after liquidation in a chapter 7 case.

14. Since the Petition Date, the Debtor's management has invested considerable time and effort evaluating various alternatives designed to maximize value for the estate. After careful consideration of these options and cognizant of its fiduciary duty to creditors, management has determined that an auction of the Debtor's business is the only viable alternative for the estate at this time and represents a sound exercise of the Debtor's business judgment.

15. Based upon the foregoing, the Debtor believes that the proposed sale of the Assets satisfies the standard set forth for the sale of substantially all of the assets of a Chapter 11 debtor "outside" a plan of reorganization as set forth in the Second Circuit decision of In re: Lionel Corp., 722 F.2d. 1063 (2d. Cir. 1983). The Lionel decision requires that a debtor articulate a sound business reason for a sale of substantially all of its assets other than in the ordinary course of business by way of a motion pursuant to 11 U.S.C. § 363 rather than through a plan of

reorganization or liquidation. In this particular case, due to the complex nature of the Debtor's business, lack of income and operating capital, and the necessity to hold onto key employees critical to effectuating a sale, an auction is the best way to maximize the return to creditors.

16. The Debtor submits it has satisfied the analysis set forth in Lionel. Moreover, it is respectfully submitted that the sale should be authorized where the value received is the highest and best available and the Debtor has established that the Assets will lose value if not disposed of promptly. See, In re: Chateaugay Corporation, 973 F.2d. 141 (2d. Cir. 1982).

17. Pursuant to Local Rule of Bankruptcy Procedure 6004-1(a), an appraisal is ordinarily required prior to any sale not in the ordinary course of business unless the trustee or debtor-in-possession determines that such appraisal is not warranted under the facts of the case.

18. In light of the short time frame sought for the sale of the Assets, the costs and delay associated with the procurement of an appraisal, and the extensive marketing of the Assets undertaken by the Debtor both pre-petition and subsequent to the Petition Date, it is respectfully submitted that sufficient cause exists to dispense with the need for an appraisal at this time.

## II. The Sale Should Be Free And Clear Of Liens, Claims, Encumbrances and Interests

19. Under Section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(a) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(b) such entity consents;

(c) such interest is a lien and the price at which such property is sole is greater than all liens on such property;

(d) such interest is in bona fide dispute; or

(e) such entity could be compelled in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will be sufficient to permit the sale of the Assets free and clear of liens, claims, encumbrances, pledges, mortgages, security interests, charges, options, and other interests (collectively, the "Interests"). The Debtor satisfies at least two of these requirements. The Debtor is reasonably confident that it will obtain any necessary consent from Champion Energy on or before the date of the sale hearing, thereby satisfying section 363(f)(2) of the Bankruptcy Code.

21. In addition, all holders of Interests, including Champion Energy, could be compelled to accept a money satisfaction of their Interests in legal or equitable proceedings in accordance with Section 363(f)(5) of the Bankruptcy Code. Such legal or equitable proceedings include proceedings to confirm a plan of reorganization, under which the holder of a lien may be compelled to accept payment in satisfaction of its lien pursuant to section 1129(b)(2)(A) of the Bankruptcy Code.

22. Based upon the foregoing, the sale of the Assets, free and clear of liens, claims, encumbrances and interests, should be approved under section 363(f) of the Bankruptcy Code.

## III. The Court Should Waive Or Reduce The Ten Day Stay Set Forth In Fed. R. Bankr. P. 6004(g)

23. Pursuant to Bankruptcy Rule 6004(g), unless the court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for 10 days after entry of the order. Fed. R. Bankr. P. 6004(g). The purpose of Bankruptcy Rule 6004(g) is to provide sufficient time for an objecting party to appeal before the order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(g).

24. Although Bankruptcy Rule 6004(g) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 10 day stay period, Collier suggests that the 10 day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., ¶ 6064.09 (L. King, 15th rev. ed. 1988). Furthermore, Collier provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. Id.

25. To preserve the value of the Assets, it is critical that the Debtor close the Sale as soon as possible after all closing conditions have been met or waived, and no later than January 31, 2011. Accordingly, the Debtor respectfully requests that the Court waive the 10-day stay period to the minimum amount of time needed by any objecting party to file its appeal to allow the Sale to close as provided pursuant to the terms of the APA.

26. No prior application for the relief requested herein has been made.

WHEREFORE, the Debtor respectfully request that the Court issue an order (a) authorizing the Debtor to sell property of the estate other than in the ordinary course of business free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§ 105, 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure; and (b) to assume and assign certain executory contracts and unexpired leases of property pursuant to 11 U.S.C. § 365(b) and Rule 6006 of the Federal Rules of Bankruptcy Procedure, and for such other and further relief as this Court may deem just and proper.

Dated at Bridgeport, Connecticut, this 8th day of December, 2010.

The Debtor,
STARTECH ENVIRONMENTAL CORPORATION

By: **_/s/Craig I. Lifland_______________**
Craig I. Lifland, Esq. (ct00976)
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
Tel: 203-368-4234 / Fax: 203-367-9678
Email: clifland@zeislaw.com
ATTORNEY FOR DEBTOR
AND DEBTOR-IN-POSSESSION