**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| STARTECH ENVIRONMENTAL CORPORATION, | : | CASE NO. 10-50955 (AHWS) |
| | : | |
| | : | |
| Debtor-in-Possession. | : | Re: Doc. No. 186 |
| | : | |

*****AMENDED ORDER (i) AUTHORIZING AND APPROVING FORM OF PURCHASE AGREEMENT, (ii) AUTHORIZING AND APPROVING BIDDING PROCEDURES, (iii) SCHEDULING AN AUCTION, (iv) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (v) GRANTING RELATED RELIEF, ALL IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Upon the Motion of the Debtor and Debtor-in-possession for an Order (i) Authorizing and Approving Form of Purchase Agreement, (ii) Authorizing and Approving Bidding Procedures, (iii) Scheduling an Auction, (iv) Approving the Form and Manner of Notice Thereof, and (v) Granting Related Relief, all in Connection with the Sale of Substantially All of the Debtor's Assets (the "Bidding Procedures Motion"), and any objections to the Bidding Procedures Motion having been overruled or resolved, and good and sufficient cause appearing therefore, and the court having found that sufficient notice having been given, it is hereby

ORDERED:

**A. Approval of Bid Procedures**

1. The Bidding Procedures Motion is granted in all respects and the bidding procedures set forth on Exhibit 1 annexed hereto are hereby approved in all respects.

**B. Approval of the Form of Purchase Agreement**

2. The form *only* of the Purchase Agreement (the "Purchase Agreement") is approved. The approval of any sale of the Assets of the Debtor shall be approved, if at all, at the Sale Hearing as scheduled below.

**C. Scheduling of Auction**

3. The Auction shall take place at 2:00 p.m. at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT, 1st Floor, on January 25, 2011. The Debtor shall give notice of the Auction and Sale Hearing in the manner proposed in the Bidding Procedures Motion and the Form of Notice of Auction annexed to the Motion as Exhibit 3 is hereby approved.

**D. Scheduling of Sale Hearing**

4. A hearing to consider the Debtor's request to approve the Sale of Assets to the successful bidder, and any objections thereto, shall be held immediately following the Auction on January 25, 2011, at 2:00 p.m. at United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, 1st Floor.

Dated at Bridgeport, Connecticut this 16th day of December, 2010.

**By the court**

**Alan H. W. Shiff**

*****Amended to correct the auction date.**

# EXHIBIT 1

# BIDDING PROCEDURES

# EXHIBIT 1

# BIDDING PROCEDURES

On April 28, 2010, Startech Environmental Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). These bidding procedures set forth the process by which the Debtor is authorized to conduct a sale by auction (the "Auction") of the Assets (as defined herein).

1. Assets.

The Assets consist of substantially all of the Assets of the Debtor, as more particularly described in the purchase agreement (the "Purchase Agreement").

2. Minimum Bid.

The Minimum Bid requirement shall be $2,000,000 in cash payable at closing. However, the Debtor reserves the right to modify said minimum bid if it deems that it is in the best interest of the estate and ultimately to reject all bids, if, and the Debtor's sole discretion, no bid was sufficient to present to the Court including those initially qualified by the Debtor.

3. Expense Reimbursement.

(a) None.

4. Due Diligence.

Upon the execution of a confidentiality agreement in form and substance satisfactory to the Debtor, any party desiring to submit a Qualifying Bid, as defined herein, may be granted access to relevant business and financial information of the Debtor to enable such party to evaluate the Assets for the sole purpose of submitting a Qualifying Bid, provided that the Debtor shall have no obligation to provide information to any party that, in the business judgment of the Debtor, after consultation with GCP (as defined in the Motion), lacks the ability to consummate a purchase of the Assets as contemplated by these Bidding Procedures.

5. Qualifying Bids.

A "Qualifying Bid" is a written offer that:

(a) provides that the offeror offers to purchase all or substantially all of the Assets upon terms and conditions substantially as set forth in the Purchase Agreement, and provides a blackline version of the Purchase Agreement to reflect any changes;

(b) results in a value to the Debtor in its business judgment that is more than the "Minimum Bid," which is Two Million Dollars ($2,000,000) (a "Qualifying Bid Amount");

(c) does not provide for any payment to the offeror of a break-up fee, expense reimbursement or similar type of fee or payment;

(d) is accompanied by a duly executed form of Purchase Agreement;

(e) is accompanied by a deposit in the amount of $250,000, payable in immediately available funds (the "Deposit"), to be held by the Debtor's counsel to secure the Qualifying Bid, which Deposit, subject to the provisions of the Bidding Procedures, shall be refunded to the offeror if the offeror's Qualifying Bid is not accepted by the Debtor as the highest and best offer for the Assets;

(f) identifies with particularity any executory contract and unexpired lease to be assumed and assigned to the offeror at closing including provisions for assumption of any cure amounts;

(g) contains financial and other information sufficient to enable the Debtor, in its business judgment, to evaluate and confirm the offeror's financial wherewithal to consummate the purchase of the Assets, including evidence reasonably satisfactory to the Debtor that the offeror has financial resources available and sufficient to finance the purchase of the Assets, and financial and other information sufficient to provide adequate assurance of future performance under § 365 of the Bankruptcy Codes if required;

(h) does not contain any due diligence, financing or other contingencies of any kind;

(i) fully discloses the identity of the offeror or any entity participating in the competing offer;

(j) provides that the offeror consents to the jurisdiction of the Bankruptcy Court; and

(k) provides for a closing of the purchase and sale of the Assets no later than January 31, 2011; and

(l) is in conformity with the Purchase Agreement.

(m) has executed a confidentiality agreement with the Debtor.

6. Bid Deadline.

All Qualified Bids are due no later than **January 19, 2011 at 5:00 P.M.** and shall be delivered in writing to the following parties by email or facsimile:

(a) To the Debtor's counsel and Investment Bankers:

Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605-0186
Attention: Craig I. Lifland, Esq.
Facsimile No.: (203) 367-9678
Email: clifland@zeislaw.com

General Capital Partners, LLC
Republic Plaza
370 Seventeenth St., Suite 5660
Denver, CO 80202
Attention: Greg Barrow
Sean Donlin
(720) 200-4500

7. Determination of Qualifying Bids.

Within one (1) business day after the Bid Deadline, the Debtor shall review each bid for the Assets and determine, in its business judgment, whether such bid constitutes a Qualifying Bid, as defined herein. The Debtor shall notify each party that submits an offer whether its offer is a Qualifying Bid.

8. Participation in the Auction; Scheduling of the Auction.

(a) The Auction shall be held on January 25, 2011 at 2:00 P.M., at United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, 1st Floor. Only Qualified Bidders (a "Qualified Bidder") may participate in the Auction. If the Debtor does not receive a Qualifying Bid by the deadline established herein, the Debtor may cancel the Auction.

(b) The following procedures shall govern the Auction:

(i) Qualifying Bidders may appear in person or through an authorized representative;

(ii) No party other than a Qualifying Bidder shall be entitled to submit bids for the Assets at the Auction;

(iii) Bidding at the Auction shall commence at the amount of the highest Qualifying Bid received by the Debtor. Each successive bid must be at least $50,000 higher than the outstanding highest bid.

(iv) The Debtor reserves the right, in its business judgment, to determine whether a bid constitutes a higher and better offer than other bids received for the Assets. The Debtor shall be entitled to consider the amount of the purchase price, including any release or offset of claims, the financial wherewithal of the bidder and the overall benefit to the Debtor's estate.

(v) Any Qualifying Bidder may make modifications to the Purchase Agreement during the Auction, provided that the Debtor reserves the right, in its business judgment, to determine whether such modifications impact whether such bid represents the highest and best offer for the Assets.

(vi) The Debtor shall conduct the Auction until the Debtor determines, in its business judgment, that it has received the highest and best offer for the Assets.

(vii) The Debtor may, in its business judgment, at any time prior to the Sale Hearing, continue the Auction from time to time, adjourn the Auction and re-open the Auction, upon notice to the Qualifying Bidders, without further notice to the Bankruptcy Court or any other parties, and the Debtor may establish, by announcement at the Auction, such modified or additional bidding procedures as the Debtor deems appropriate based on the circumstances, provided that such modifications or changes shall not materially alter the bidding procedures set forth herein.

8. <u>Identification of Prevailing Bidder; Court Approval</u>.

Within one (1) business day after the conclusion of the Auction, the Debtor shall announce the identity of the party submitting the highest and best offer for the Assets (the "Prevailing Bid"). Such Prevailing Bid shall be subject to approval by the Bankruptcy Court at the Sale Hearing.

9. Sale Hearing.

The hearing to approve the sale of the Assets shall be held before the Honorable Alan H. W. Shiff at the United States Bankruptcy Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, Connecticut at 2:00 P.M. on January 25, 2011, or at such time thereafter as counsel may be heard, or at such other time as the Bankruptcy Court may establish.

10. Failure to Consummate Purchase.

(a) If for any reason the party who submitted the Prevailing Bid fails to consummate the purchase of the Assets, the Debtor shall designate the next best offer ("The Backup Bidder") as the Prevailing Bid, and the Debtor shall consummate the closing of the purchase of the Assets.

(b) If for any reason a Qualifying Bidder whose offer is selected as the Prevailing Bid (or Backup Bidder) shall fail to consummate the purchase of the Assets, the Deposit submitted by such Qualifying Bidder shall be forfeited to the Debtor.

11. Return of Deposit.

Except for the Prevailing Bid and Backup Bidder, all Deposits shall be returned to Qualifying Bidders within three (3) business days after the completion of the Auction. If the Prevailing Bid consummates the sale, then the deposit of the Backup Bidder shall be returned within two (2) business days of closing.

12. Jurisdiction of the Bankruptcy Court.

(a) The Bankruptcy Court shall have jurisdiction to hear any matters that may arise from or relate to the Bidding Procedures or the sale of the Assets.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first-class, postage prepaid mail, e-mail, and facsimile, on this 7th day of December, 2010 to:

**Via Regular Mail:**

Konica Minolta Business Solutions
Attn.: Pres, Mng Mmb, GP
One Deerwood, Ste. 100
10201 Centurion Pkwy N.
Jacksonville, FL 32256

Corporate Stock Transfer
Attn.: Shari Humphreys
3200 Cherry Creek Dr. South
Suite 430
Denver, CO 80209

General Capital Partners, LLC
600 Seventeenth Street, Suite 2350
South Denver, CO 80202

The Estate of J. Everett Pidgeon
c/o David Blaylock, Esq.
Glankler Brown, PLLC
40 S. Main Street, Ste. 1700
Memphis, TN 38103

**Via e-mail transmission:**

Holley L. Claiborn on behalf of U. S. Trustee
holley.l.claiborn@usdoj.gov

Jonathan B. Alter on behalf of Creditor Champion Energy, Inc.
jonathan.alter@bingham.com

Richard G Birinyi on behalf of Creditor Champion Energy, Inc.
rick.birinyi@bullivant.com

Edward H Davis on behalf of Creditor Champion Energy, Inc.
edward.davis@bullivant.com

Honor S. Heath on behalf of Creditor The Connecticut Light and Power Company
heathhs@nu.com

Craig I. Lifland on behalf of Debtor Startech Environmental Corporation
clifland@zeislaw.com

Taryn D. Martin on behalf of Creditor Gaski Realty, Inc.
taryn@zieglerlawct.com

Scott D. Rosen on behalf of Creditor WE 190 Century Drive LLC
srosen@cb-shea.com

Kate K. Simon on behalf of Creditor Champion Energy, Inc.
kate.simon@bingham.com

Melvin A. Simon on behalf of Creditor WE 190 Century Drive LLC
msimon@cb-shea.com

Jeffrey M. Sklarz on behalf of Debtor Startech Environmental Corporation
jsklarz@zeislaw.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

David B. Zabel on behalf of Creditor 88 Danbury Road LLC
dzabel@cohenandwolf.com

Robert A. Ziegler on behalf of Creditor Gaski Realty, Inc.
bob@zieglerlawct.com

**Via Fax:**

| | |
|---|---|
| Marcum LLP | 631-414-4001 |
| JP Morgan Chase | 888-643-9628 |
| Broadridge | 631-2547726 |

| | |
|---|---|
| Cohere Communications | 212-937-3727 |
| Schuchat, Herzog & Brenman | 303-295-9701 |
| Capital One CC (Bankruptcy CapitalOne) | 866-312-1894 |
| AT&T (Fax) – Legal Dept. | 203-771-6577 |
| PR Newswire | 800-858-7056 |
| Aero All-Gas Corp./ All Gas (N2 Canisters) | 860-527-2376 |
| Coverall of New England | 401-821-0494 |
| Airgas East | 203-250-6836 |