**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

_____

In re:                                            Chapter 11

STARTECH ENVIRONMENTAL            Case No. 10-50955 (AHWS)
CORPORATION,

      Debtor.

_____

**OBJECTION BY THE UNITED STATES, ON BEHALF OF THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
TO THE PROPOSED SALE OF THE DEBTOR'S ASSETS**

      The United States, on behalf of the United States Environmental Protection Agency ("EPA"), hereby objects to the proposed sale of the Debtor's assets, as requested in the motion filed by the Debtor on December 8, 2010 (the "Sale Motion") (Docket No. 193). The United States' objection can be resolved if the Court includes, in any order approving the sale, the language set forth below in paragraph 9. The United States has attempted to resolve this matter without the necessity of filing this Objection, but to date, the Debtor has not confirmed that it will add the United States' language to the proposed order authorizing the sale.

      1.    The United States, through EPA, is charged with the police and regulatory responsibility to protect public health and the environment pursuant to several environmental statutes, including but not limited to the Clean Air Act, 42 U.S.C. § 7401 *et seq.*; the Clean Water Act, 33 U.S.C. § 1251 *et seq.*; the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*; and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*

2. The Debtor is an environmental technology company that specializes in a waste processing system that purportedly "destroys hazardous and non-hazardous waste and industrial by-products." Sale Motion (Docket No. 193) at ¶ 4. By the Debtor's own admission, the machinery, equipment, and other assets used in its business may contain hazardous substances as defined under environmental law. *See, e.g.,* Asset Purchase Agreement (Ex. 1 to Docket No. 186) at § 18(a) ("Seller has disclosed to Purchaser that there are certain Assets . . . that may contain Hazardous Substances . . . .").

3. Through the Sale Motion, the Debtor seeks approval to sell substantially all of its assets, including the aforementioned machinery and equipment, "free and clear of all liens, claims, encumbrances and interests." Sale Motion (Docket No. 193) at p. 1; *see also* Asset Purchase Agreement (Ex. 1 to Docket No. 186) at § 1 (listing "Assets" included in the sale). Consistent with the "free and clear" intent of the Sale Motion, the Debtor's proposed order authorizing the sale states that the sale shall be "free and clear of all . . . obligations, liabilities . . . [and] claims, . . . including, without limitation, under . . . CERCLA and all other Environmental Laws." Proposed Order (Docket No. 194) at ¶ C.

4. The United States objects to the foregoing language and any similar language that the Debtor or purchaser may seek to include in any sale order or agreement. The purchaser might erroneously conclude that such free and clear language precludes EPA from enforcing police and regulatory liabilities relating to the sale property.

5. It is well established that anyone who owns or operates property acquired from a debtor must comply with the same environmental laws that apply to all other owners and

operators of property. No one is entitled to maintain a nuisance or ignore laws designed to protect public health and safety. *See, e.g., Ohio v. Kovacs*, 469 U.S. 274, 285 (1985); *see also In re General Motors Corp.*, 407 B.R. 463, 508 (S.D.N.Y. 2009) (a free and clear purchaser "would have to comply with its environmental responsibilities starting with the day it got the property, and if the property required remediation as of that time, any such remediation would be the buyer's responsibility").

6. Section 363(f) of the Bankruptcy Code, 11 U.S.C. 363(f), does not allow purchasers to acquire debtor property free and clear of the obligation to comply with environmental law. For example, "applicable nonbankruptcy law," *id.* § 363(f)(1), does not permit debtors to sell their property free and clear of environmental liability. Nor may the United States be "compelled . . . to accept a money satisfaction," *id.* § 363(f)(5), in lieu of a purchaser's compliance with environmental law. *See, e.g., Zerand-Bernal, Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) ("[N]o one believes . . . that a bankruptcy court enjoys a blanket power to enjoin all future lawsuits against a buyer at a bankruptcy sale . . . [or] . . . to immunize such buyer from all state and federal laws that might reduce the value of the assets bought from the bankrupt.").

7. Here, the Asset Purchase Agreement states merely that the purchaser assumes environmental liabilities of the Debtor "caused by the dismantling and/or removal of Assets after the Closing." Asset Purchase Agreement (Ex. 1 to Docket No. 186) at § 7. However, under environmental law, the liability of owners and operators is not limited to the "dismantling and/or removal of Assets." Nor are the responsibilities of owners and operators

limited to those liabilities that they choose to assume from a prior owner or to damage caused after the closing of the sale.  For example, section 3004(u) of RCRA requires that anyone operating a solid waste management unit take corrective action for releases of hazardous waste "regardless of the time at which waste was placed in such unit."  42 U.S.C. § 6924(u).  This requirement and similar provisions of environmental law are designed to ensure that persons who own or operate regulated facilities take necessary steps to remedy serious environmental problems, irrespective of when or how those problems originated.

8.    Environmental law also protects public health and safety through permitting and licensing requirements.  For example, section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except as authorized by a permit issued by EPA or an authorized state.  This and similar permitting and licensing requirements under environmental law are essential safeguards for the public because they limit who may conduct potentially hazardous activities and under what conditions.  The purchaser should not be in a position to contend that it is exempt from complying with such permitting and licensing requirements because of the Debtor's proposed language transferring the sale property "free and clear of all . . . obligations . . .under . . . Environmental Laws."  Proposed Order (Docket No. 194) at ¶ C.

9.    To prevent misinterpretation of the free and clear language in a manner that risks harm to the public and is inconsistent with both bankruptcy and environmental law, the United States respectfully requests that the following, clarifying language be included in any order approving the sale:

4

> Nothing in this Order or the Asset Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental unit under police or regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or the Asset Purchase Agreement authorizes transfer to the Proposed Buyer of any licenses, permits, registrations, or other governmental authorizations and approvals without the Proposed Buyer's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

10. Courts have routinely included such language in other sale orders. *See, e.g., In re Chemtura Corp.*, Case No. 09-11233 (Bankr. S.D.N.Y. July 23, 2010) (Ex. 1 hereto) at ¶ 29; *In re Caribbean Petroleum Corp.*, Case No. 10-12553 (Bankr. D. Del. Dec. 22, 2010) (Ex. 2 hereto) at ¶¶ 9-10; *In re Crucible Materials Corp.*, Case No. 09-11582 (Bankr. D. Del. Dec. 17, 2009) (Ex. 3 hereto) at ¶ 22.

WHEREFORE, the United States respectfully requests that the Court not enter an order approving the proposed sale of the Debtor's assets, unless that order includes the language set forth above in paragraph 9.

    Respectfully submitted,

    IGNACIA S. MORENO
    Assistant Attorney General
    Environment and Natural Resources Division

    KEVIN LYSKOWSKI
    Senior Bankruptcy Counsel
    Environment and Natural Resources Division
    U.S. Department of Justice
    P.O. Box 7611
    Washington, DC 20044

DAVID B. FEIN
United States Attorney
District of Connecticut

 */s/ Ann M. Nevins*
ANN M. NEVINS
Assistant United States Attorney
District of Connecticut
Federal Bar No. CT06484
915 Lafayette Boulevard, Room 309
Bridgeport, CT 06604
(203) 696-3000

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2011, I have caused the foregoing **Objection by the United States, on Behalf of the United States Environmental Protection Agency, to the Proposed Sale of the Debtor's Assets**, and the exhibits thereto, to be filed electronically, which will result in automated electronic service of the same on this date on the parties listed below via the Court's ECF system:

> Craig I. Lifland
> Jeffrey M. Sklarz
> Zeisler & Zeisler, P.C.
> 558 Clinton Avenue
> Bridgeport, CT 06605
>
> Holley L. Claiborn
> Office of the United States Trustee
> The Giaimo Federal Building
> 150 Court Street, Room 302
> New Haven, CT 06510

/s/ *Ann M. Nevins*
ANN M. NEVINS
Assistant U.S. Attorney