**UNITED STATES BANKRUPCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| **In re:** <br><br> **STARTECH ENVIRONMENTAL CORPORATION** <br><br> Debtor | **Chapter 11** <br><br> **Case No. 10-50955** |
| **WE 190 CENTURY DRIVE LLC,** <br><br> Movant <br> vs. <br><br> **STARTECH ENVIRONMENTAL CORPORATION, DEBTOR** <br><br> Respondent | **Contested Matter Under** <br><br> **Fed. R. Bankr. P. 9014** <br><br><br> **February 15, 2011** |

**MOTION FOR FURTHER CLARIFICATION OF
ORDER GRANTING MOTION FOR RELIEF FROM STAY [DOC 141]**

WE 190 Century Drive LLC ("Movant"), by and through its undersigned counsel, respectfully moves this court for an order clarifying its rights under the Order for Relief from Stay ("Relief from Stay Order") [Doc. 141] entered in this matter under 11 U.S.C. § 362(d)(1) so that the Movant may pursue the remedies available to it under Connecticut state law concerning the eviction of the Debtor from the leased premises located at 190 Century Drive, Bristol, Connecticut (the "Premises"). In support of this motion, Movant respectfully represents and requests as follows:

## SUMMARY OF RELIEF REQUESTED

1. Pursuant to this Court's Relief from Stay Order, Movant served a writ of eviction on the Debtor on October 27, 2010, with respect to the premises owned by the Movant and occupied by Debtor.

2. Under applicable Connecticut law, the Debtor has fifteen days from the service of the writ within which to remove its personalty located on the Premises.

3. Despite Movant's demand and despite the service of the writ of execution, Debtor refuses to remove its personalty from the Premises. Unless Movant is permitted to dispose of the Debtor's personalty in accordance with Connecticut General Statute §47a-42a, Movant will be irreparably harmed and will suffer ongoing damages with no prospect of recovery.

4. Debtor's counsel has informed the undersigned that any attempt by Movant to remove or dispose of the Debtor's personalty in accordance with the above-referenced statute would violate the Relief from Stay Order and subject Movant to sanctions and contempt.

5. Movant disputes Debtor's interpretation of the Relief from Stay Order and respectfully requests clarification from this Court.

## BACKGROUND

6. The Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code on April 28, 2010 (the "<u>Petition Date</u>"). The Debtor is a debtor in possession. No creditors' committee has been formed.

7. The Debtor is, and has been at all times during this case, administratively insolvent, in that the Debtor has no funds to pay its post-petition obligations as they come due. The Debtor has no active business operations, no source of revenue and no source of credit.

8. The Movant is the record owner of the Premises, which consists of a commercial/industrial property located at 190 Century Drive, Bristol, Connecticut. The Debtor formerly operated a waste processing facility at the Premises, which required the use of highly specialized equipment and the storage of medical waste and other potentially toxic substances. All such equipment remains on the Premises. In addition, after the Petition Date, the Debtor used the Premises to store its office furnishings, fixtures, business records and other personalty formerly used by the Debtor in its prior business operations.

9. On information and belief, the Debtor has attempted to sell its assets, but has not identified a potential buyer who would be willing to enter into a binding purchase agreement and pay a deposit. The Debtor has no prospect of reorganization.

DEBTOR'S DEFAULT AND SUBSEQUENT EVICTION PROCEEDINGS

10. By Assignment and Assumption of Leases dated as of June 28, 2006, Century Drive, L.L.C. assigned all its right, title and interest in and to the Lease to Movant.

11. In accordance with the Lease, Debtor agreed to pay minimum rent as set forth in Paragraph 6 of the Lease and additional rent as set forth in Paragraph 12 of the Lease in equal monthly installments in advance on the first day of each month.

12. The Debtor defaulted under the Lease by failing to pay the rent and additional rent due for the months of October, 2009 and each and every month thereafter.

13. The annual minimum rent for the period June 16, 2009 through June 30, 2010 is Ninety-seven Thousand Seven Hundred Forty-six and 00/100 ($97,746.00) Dollars, payable in monthly installments of Eight Thousand One Hundred Forty-five and 50/100 ($8,145.50) Dollars.

14. The monthly installment of additional rent for the period through December 31, 2009 was Four Thousand Four Hundred Two and 05/100 ($4,402.05) Dollars, and the monthly installment of additional rent for the period beginning January 1, 2010 is Five Thousand One Hundred Six and 14/100 ($5,106.14) Dollars.

15. On March 5, 2010, Movant served a Notice to Quit the Leased Premises on the Debtor, which required the Debtor to vacate the Leased Premises by March 13, 2010. The Debtor failed to vacate.

16. The Movant instituted an eviction action in the Connecticut Superior Court, Housing Session in New Britain against the Debtor on April 9, 2010, captioned WE 190 Century Drive LLC v. Startech Environmental Corporation, Summary Process Docket No. NBSP-054001 (the "Eviction Action").

17. The issuance of the Notice to Quit terminated the Lease prepetition under Connecticut law. The Debtor does not have the right to assume the Lease, as it was terminated prepetition. In re Oyster Club of Greenwich Ltd. Partnership, 98 B.R. 654 (Bankr. D. Conn. 1989).

18. In addition to the unpaid pre-petition amounts, the Debtor owes Movant $41,358.01 for post-petition use and occupancy through February 7, 2011. On information and belief, the Debtor does not have sufficient funds or borrowing ability to pay the accrued post-petition administrative claim or any accruing administrative claim. Therefore, Movant lacks adequate protection.

19. The Relief from Stay Order, which was entered on August 5, 2010, expressly modified the automatic stay to permit the Movant to proceed to judgment in the Eviction Action, with execution to be stayed through October 24, 2010.

20. The Relief from Stay Order further permitted the Movant to exercise its rights under the execution of eviction following October 24, 2010, "<u>in accordance with applicable state law</u>" (emphasis added).

21. The Stipulated Order for Relief was expressly based upon the Debtor's representation that within the 90-day period expiring on October 24, 2010, the Debtor would conduct a sale of its assets and remove said assets from the premises.

22. The Defendant has failed to vacate the Premises.

23. The Movant obtained a Judgment of Eviction on September 9, 2010.

24. The Movant executed upon its eviction on Wednesday, October 27, 2010, commencing the 15-day period by which the Debtor has to remove its assets from the premises or otherwise forfeit such assets. The 15-day period expired on November 11, 2010.

25. Conn. Gen. Stat. § 47a-42a provides, in part, "Whenever a judgment [of eviction] is entered against a defendant . . . for the possession or occupancy of nonresidential property, such defendant . . . shall forthwith remove himself or herself, such defendants' or occupant's possessions and all personal effects . . . . If execution has been stayed, such defendant or occupant <u>*shall forthwith remove himself or herself, such defendant's or occupant's possessions and all personal effects*</u> upon the expiration of any stay of execution" (emphasis added).

26. Subparagraph (c) of Conn. Gen. Stat. § 47a-42a provides that, "if the debtor's possessions and effects are not called for by the defendant or occupant and the expense of such

removal or storage of the premises is not paid to the plaintiff within 15 days after such eviction, the defendant or occupant shall forfeit such possessions and personal effects to the plaintiff and the plaintiff may dispose of them as the plaintiff deems appropriate."

27. The assets of the Debtor include office furniture, business records, materials, inventory, work in process and a Plasma Converter System ("System"). Photographs of the System and medical waste are attached hereto as <u>Exhibit A</u>. The removal and disposition of the Debtor's equipment will be a highly complex procedure, as the System is comprised of a number of components involving piping, storage of liquids and gases and other materials some of which may be toxic or hazardous. The Debtor also has medical waste on site.

28. Despite demand, the Debtor has refused to remove its possessions from the Movant's premises and has informed Movant that the Debtor is presently unable to remove its possession, and is unable to pay accrued storage and use and occupancy. Therefore, Movant anticipates that the Debtor will not do so within the 15-day period provided by state law cited above and that, therefore, under state law the Debtor will forfeit those possessions.

29. The Debtor, pursuant to an Order Regarding Motion for Clarification dated December 2, 2010, agreed that it would vacate the Premises and remove its personalty on or before February 7, 2011. The Debtor has failed to comply with the terms of such Order.

30. It is the Movant's intention to dispose of the Debtor's assets upon the expiration consistent with state law. The Debtor's counsel has advised the undersigned that it contends that the Movant has no right to do so under Bankruptcy Code notwithstanding the clear mandate of state law and the Relief from Stay Order.

WHEREFORE, The Movant seeks an order from this Court confirming that the Relief from Stay Order authorizes the Movant to proceed under Conn. Gen. Stat. § 47a-42a with respect the Debtor and its possessions, personalty and personal effects, and that Movant may exercise all of its rights under state law including the disposition of the Debtor's personal property left at the Premises, and granting to Movant such other and further relief as may be just and equitable.

WE 190 CENTURY DRIVE LLC,


By: \_\_/s/ Melvin A. Simon_____
Melvin A. Simon (c05248)
Cohn Birnbaum & Shea P.C.
100 Pearl Street, 12th Floor
Hartford, CT 06103
Tel. (860) 493-2200
Fax (860) 727-0361
msimon@cb-shea.com

154246 v1 / 67230.004